IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

RODNEY JEROME MILES,       )
                           )
        Plaintiff,         )
                           )
    v.                     )          CV 622-069
                           )
JENKINS CORRECTIONAL FACILITY;  )
CENTRAL STATE PRISON;      )
JOHNSON STATE PRISON;      )
GEORGIA STATE PRISON;      )
LT. STARDA ANDERSON; SGT. TONYA  )
BURROUGHS; D. BLACKMON; and MS.  )
HARRIES, [1]               )
                           )
        Defendants.        )

_____

**O R D E R**

_____

Plaintiff, incarcerated at Baldwin State Prison, filed this case pursuant to 42 U.S.C. § 1983.

Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential

defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v.

Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.    **SCREENING THE AMENDED COMPLAINT**

A.    **BACKGROUND**

In his amended complaint, Plaintiff names Defendants:  (1) Starda Anderson, (2) Tonya

Burroughs, (3) D. Blackmon, and (4) Ms. Harries.  (Doc. no. 6.)   From the initial complaint to the

amended complaint, Plaintiff dropped Defendants (1) Jenkins Correctional Facility ("JCF"), (2)

_____

[1] The Court **DIRECTS** the Clerk to correct Defendant Anderson's name as captioned.

Central State Prison ("CSP"), (3) Johnson State Prison ("JSP"), and (4) Georgia State Prison ("GSP"). (Compare doc. no. 1 with doc. no. 6.)  Taking all of Plaintiff's allegations as true, as the Court must for screening, the facts are as follows.

On April 30, 2021, Defendants Anderson, Burroughs, Blackmon, and Harries prevented Plaintiff from "calling PREA" on Moore because they did not want him to lose his job.  (Id.) Defendants also stole stimulus money and neglected Plaintiff when leaving him in a room without a mat.  (Id.)  An officer named Vanclin pepper-sprayed Plaintiff without cause.  (Id.)  Unspecified officers prohibited Plaintiff from making phone calls.  (Id.)  Plaintiff also tried to "call PREA" on Defendant Burroughs while he was in administrative segregation.  (Id.)

At an unspecified time at JSP, Plaintiff called PREA nine times and none of his paperwork or grievances were ever processed.  (Id.)  Unidentified officers denied Plaintiff showers during an unspecified period that ended for an unexplained reason on January 24, 2022, and officers prohibited him from visits to the yard for two days.  (Id.)  While in administrative segregation, unspecified officers gave him the wrong medication and deprived him of food.  (Id.)

Lt. Taylor obtained Plaintiff's Social Security number, stole his money, and gave it to the Bloods at JSP.  (Id.)  A Blood inmate pulled a knife on Plaintiff and asked him, "are you ready to die?" (Id.)  During the following investigation, Lane lied to the CERT Team, saying she did not see the knife.  (Id.)   Plaintiff also called PREA on Linda Alexander for locking him out of the dorm in response to Plaintiff and another inmate fighting.  (Id.)  Antoine G. Caldwell told everyone the reason inmates and officers pester Plaintiff so much is because Plaintiff is serving a sentence for child molestation (Id.)

Plaintiff "called PREA" on a fellow inmate, and Officer Chabara Bragg retaliated by trying to lock up Plaintiff.  (Id. at 5.)  Bragg put the same inmate back into the dorm and Plaintiff told everyone the inmate "tried" him. (Id.)  Bragg and Lt. Hardy tried to get the inmate to fight Plaintiff.

(<u>Id.</u>)  Plaintiff alleges everyone at JSP jeopardizes his safety by using him to identify child molesters.  (<u>Id.</u>)  An unidentified warden released an inmate from his dorm to kill Plaintiff.  (<u>Id.</u>)  Lts. Taylor and Lane help all the Bloods at the prison.  (<u>Id.</u>)

At GSP, Plaintiff was drugged and stripped at medical.  (<u>Id.</u>)  He then slept on the floor in cold conditions for eleven days.  (<u>Id.</u>)  Plaintiff claims he "almost died" because there was "some magnetic flow that ran" through the room that almost "shut his brain down."  (<u>Id.</u>)  Plaintiff was then hit with a "heat wave" in the dorm.  (<u>Id.</u>)  Plaintiff requests $50 million.  (<u>Id.</u>)

## B.    DISCUSSION

### 1.    Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  <u>Wilkerson v. H & S, Inc.</u>, 366 F. App'x 49, 51 (11th Cir. 2010) (citing <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  <u>Twombly</u>, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  <u>Iqbal</u>, 556 U.S.

at 678.  An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the court has a duty to re-write the amended complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.    Pleading Deficiencies in Plaintiff's Amended Complaint

Plaintiff's amended complaint provides an array of wide-ranging, unrelated claims.  His amended complaint attempts to address a variety of experiences over several years against dozens of individuals across four state prisons.  Furthermore, Plaintiff also fails to associate the named Defendants in the caption—all of whom work at JCF—with many of his stated claims.  See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  Plaintiff's complaint amounts to the quintessential shotgun pleading that has been soundly condemned by the Eleventh Circuit Court of Appeals.  See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1131 (11th Cir. 2001) ("[S]hotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice."), abrogated on other grounds by, Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146 (11th Cir. 2011); Magluta v. Samples, 256 F.3d 1282, 1284-85 (11th Cir. 2001) (refusing to address and decide serious constitutional issues on the basis

of a "quintessential 'shotgun' pleading of the kind [the Eleventh Circuit] ha[s] condemned repeatedly. . . . It is in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure."); see also Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1322 (11th Cir. 2015) (discussing types of shotgun pleadings, including those "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action").

Moreover, it is well settled that a plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Because of the numerous different factual scenarios in Plaintiff's complaint that range across several prisons throughout several years, Plaintiff's claims do not appear to be related or arising out of the same occurrences.

## II. LEAVE TO AMEND

The Court recognizes, however, that Plaintiff is proceeding *pro se* and will therefore give him another opportunity to attempt to cure his pleading deficiencies by submitting a second amended complaint. See Silberman v. Miami Dade Transit, 927 F.3d 1123, 1132 (11th Cir. 2019) (explaining *pro se* plaintiff must be given one chance to amend to cure pleading deficiencies prior to dismissal). Accordingly, the Court hereby **ORDERS** Plaintiff to amend his complaint to include all of his allegations in one document, within fourteen days of the date of this Order. The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated litigants in the Southern District of Georgia, stamped with this case number, to Plaintiff's service copy of this Order. The statement of claim must not exceed six handwritten pages attached to the standard form. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*)

(affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court that she was to re-draft her complaint to make it more concise); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint in accordance with the instructions in this Order.  The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleading filed by Plaintiff.  See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case").  It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit.  Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph.  The numbered paragraphs in his amended complaint should include information such as:  (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his amended complaint.  For example, Plaintiff should not simply state, "See attached documents."  Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit.  The Court

will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference.  Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order.  Therefore, within fourteen days of the undersigned date, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought.  Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, Defendant should be served with a copy of the amended complaint.  If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice.

**Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address.  Failure to do so will result in dismissal of this case.**

SO ORDERED this 7th day of November, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA