IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| RODNEY JERMONE MILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CV 622-069 |
| | ) |
| JENKINS CORRECTIONAL FACILITY; | ) |
| CENTRAL STATE PRISON; JOHNSON | ) |
| STATE PRISON; GEORGIA STATE | ) |
| PRISON; LT. STARDA ANDERSON; | ) |
| SGT. TONYA BURROUGHS; D. | ) |
| BLACKMON; and MS. HARRIES, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Baldwin State Prison ("BSP") in Hardwick, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    SCREENING THE AMENDED COMPLAINT**

    **A.    BACKGROUND**

In his second amended complaint, Plaintiff names as Defendants: (1) Starda Anderson, (2) Tonya Burroughs, (3) D. Blackmon, (4) Ms. Harries, (5) Jenkins Correctional Facility ("JCF"), (6) Central State Prison ("CSP"), (7) Johnson State Prison ("JSP"), and (8) Georgia State

Prison ("GSP").  (Doc. no. 9, pp 1-4.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Over a span of several years, Plaintiff alleges he was neglected, and his life was put in jeopardy at JCF, CSP, GSP, and JSP.  (Doc. no. 9, p. 6.)  While at JSP, Officer Hines denied Plaintiff showers while in administrative segregation.  (Id. at 24.)  He also sustained a fractured hand and a busted lip there.  (Id. at 6.)  At CSP, he sustained a "busted head" and received staples.  (Id.)  Plaintiff filed grievances at each of the prisons, and everyone refused to assist him.  (Id. at 11.)  Plaintiff requests fifty million dollars in damages for pain and suffering.  (Id. at 6.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendants Anderson, Burroughs, Blackmon, Harries, JCF, CSP, JSP, and GSP

As the Court previously explained, Plaintiff's amended complaint supersedes and replaces in its entirety the previous pleadings filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016). The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While

we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

While Plaintiff includes the same named Defendants as his original and first amended complaints, Plaintiff does not make any allegations associating any of the individual Defendants with purported constitutional violations in his second amended complaint. (See generally doc. no. 9.) Plaintiff only lists Defendants Anderson, Burroughs, Blackmon, and Harries on the second page of his second amended complaint without any context and does not mention them anywhere in the statement of his claim. (Id.) Furthermore, Plaintiff only blanketly asserts that "claims" happened at JCF, CSP, JSP, and GSP, but again does not go on to provide any factual detail as to the claims nor does he attempt to tie any Defendant to any constitutional violation. While the Court would normally afford Plaintiff the opportunity to amend his Complaint, the Court has already done so, and this is now Plaintiff's third complaint. Dismissal of all Defendants here is therefore appropriate. See Douglas, 535 F.3d at 1321-22.

### 3. JCF, CSP, JSP, and GSP are Not Subject to Liability in a § 1983 Suit

State prisons are not proper parties under § 1983. See Jamelson v. Unnamed Defendant, No. CV 617-103, 2017 WL 6503630, at *2 (S.D. Ga. Dec. 19, 2017) (holding "Georgia State Prison . . . is not a separate legal entity capable of being sued"), *adopted by* 2018 WL 616142 (S.D. Ga. Jan. 29, 2018); Parks v. Georgia, No. CV 517-047, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (holding "penal institutions . . . are generally not considered legal entities subject to suit"); see also Brannon v. Thomas Cty. Jail, 280 F. App'x. 930, 934 n.1 (11th Cir. 2008) (noting Thomas County Jail is not entity capable of being sued under Georgia law). Appropriate parties for suit under § 1983 included "persons" who participated in the alleged violation. See 42 U.S.C. § 1983 (subjecting only "persons" to liability); Ga. Insurers Insolvency

Pool v. Elbert Cty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted).  Thus, Plaintiff may not list these state prisons as Defendants, and they should be dismissed from this case.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of December, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA